UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNDA J. MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No. 2:20-cv-619-KJN<br><br>ORDER ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 14, 18) |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security denying her application for Disability Insurance Benefits under Title II the Social Security Act.[1] In her motion for summary judgment, plaintiff contends the Administrative Law Judge ("ALJ") erred in analyzing certain medical evidence regarding her migraines. Plaintiff also argues error in the ALJ's analysis of her "treating" physician's opinions, those of the state-agency physicians, and plaintiff's own subjective-symptom testimony. The Commissioner contends the ALJ's decision is supported by substantial evidence and free from harmful legal error.

For the reasons stated below, the court GRANTS plaintiff's motion, DENIES the Commissioner's cross-motion, and REMANDS this case for further proceedings.

---

[1] This action was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(15). Both parties consented to proceed before a United States Magistrate Judge, and the case was reassigned to the undersigned for all purposes. (ECF Nos. 7, 9, 15.)

1

I.  **RELEVANT LAW**

The Social Security Act provides benefits for qualifying individuals with disabilities. Disability is defined, in part, as an inability to "engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) (Title II). An ALJ is to follow a five-step sequence when evaluating an applicant's eligibility for benefits.[2] 20 C.F.R. § 404.1520(a)(4).

A district court may reverse the agency's decision only if the ALJ's decision "contains legal error or is not supported by substantial evidence." Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is more than a mere scintilla, but less than a preponderance, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court reviews the record as a whole, including evidence that both supports and detracts from the ALJ's conclusion. Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018). However, the court may review only the reasons provided by the ALJ in the decision, and may not affirm on a ground upon which the ALJ did not rely. Id. "[T]he ALJ must provide sufficient reasoning that allows [the court] to perform [a] review." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020).

The ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Ford, 950 F.3d at 1154. Where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion "must be upheld." Id. Further, the

---

[2]   The sequential evaluation is summarized as follows:
**Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
**Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
**Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
**Step four**: Is the claimant capable of performing past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
**Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. Ford, 950 F.3d at 1148.

court may not reverse the ALJ's decision on account of harmless error.  Id.

## II. BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS

In September of 2017, plaintiff applied for Disability Insurance Benefits, alleging disability due to "neck injury, upper back, down arms, weakness in arms and tingling into hands, chronic migraines, bulging discs in neck [and] upper back, arthritis in neck and back, weakness in arms, chronic pain in upper back and neck."  (See Administrative Transcript ("AT") 78-79 and 175, electronically filed at ECF No. 12.)  Plaintiff's application was twice denied, and she sought review with an ALJ and was appointed counsel.  (See AT 99, 111, 123, 165.)  The ALJ conducted a hearing on August 5, 2018, where plaintiff testified about her symptoms and a Vocational Expert ("VE") testified regarding jobs for someone with similar limitations.  (See AT 38-77.)

On March 26, 2019, the ALJ issued a decision determining plaintiff was not disabled from her onset date forward.  (AT 23-33.)  At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 29, 2016.  (AT 25.)  At step two, the ALJ noted plaintiff had the following severe impairments:  myalgia, fibromyalgia, lumbar facet joint arthropathy, degenerative disc disease of the cervical spine, Raynaud's phenomenon, and mild arthritis of the left acromioclavicular joint.  (Id.)  Relevant here, the ALJ found plaintiff was diagnosed with migraines in 2008, but her only treatment had been over-the-counter medication.  (AT 26.)  Thus, the ALJ found the migraines "caused only transient and mild symptoms and limitations or are well-controlled with prescribed or over the counter medication or require no treatment."  (Id.)  At step three, the ALJ determined plaintiff was not disabled under the listings.  (AT 27, citing 20 C.F.R. Part 404, Subpart P, Appendix 1).

The ALJ then determined plaintiff had the Residual Functional Capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), except that "she is limited to occasional reaching overhead with her right upper extremity and to no reaching overhead with her left upper extremity; and she must avoid concentrated exposures to extremes of cold."  (AT 27-28.)  In fashioning this RFC, the ALJ stated she considered plaintiff's symptoms, the medical evidence, and professional medical opinions in the record.  (Id.)  Relevant here, the ALJ found the opinion of Dr. Chiang "unpersuasive."  (AT 31-32.)  Specifically, the ALJ found Dr. Chiang's

opinion that plaintiff (i) could not grasp with her right hand to be unsupported; (ii) could lift 10 lbs. occasionally and 5 lbs. frequently to be inconsistent with the medical evidence; (iii) could sit two hours per work day to be unsupported by objective findings and plaintiff's daily activities; (iv) could not elevate her arms above her shoulder occasionally for two hours per shift to be partially consistent and accommodated in the RFC; (v) and could sit for five hours or stand for three hours, alternating, positions, was unsupported by any explanation and inconsistent with treatment records; the ALJ also noted the opinions were not expressed in the same terms as the agency. (Id.) Further relevant here, the ALJ found the prior administrative medical findings "persuasive," adopting their findings on plaintiff's limitations into the RFC almost verbatim. (AT 30-31.) Finally, the ALJ rejected the more limiting parts of plaintiff's subjective symptom testimony as "disproportionate to the objective findings in the record and the conservative treatment [plaintiff] received." (AT 32.) Based on this RFC and the VE's testimony, the ALJ concluded that plaintiff was capable of performing past relevant work as a receptionist as generally and actually performed. (AT 32-33.) Thus, the ALJ determined plaintiff was not disabled for the relevant period. (AT 33.)

The Appeals Council denied plaintiff's appeal. (AT 1-7.) Thereafter, plaintiff filed this action requesting review of the ALJ's decision, and the parties each moved for summary judgment. (ECF Nos. 1, 14, 18, 19.)

### III. DISCUSSION

Plaintiff contends the ALJ erred in failing to properly consider the evidence demonstrating plaintiff's migraines were more than 'non-severe.' Plaintiff also argues the ALJ failed to accurately assess the opinion of her "treating" physician Dr. Chiang, improperly relied on the "outdated opinions of the non-examining state agency sources," and failed to articulate legally-sufficient reasons for rejecting plaintiff's subjective-symptom testimony. Thus, plaintiff requests this court remand for further proceedings. (ECF No. 14, 19.)

The Commissioner requests affirmance, arguing substantial evidence supports the ALJ's findings regarding the severity of plaintiff's migraines, the evaluation of the medical opinion evidence, and the evaluation of plaintiff's symptoms. (ECF No. 18.)

**A. Step Two**

Under step two, the ALJ is to classify any impairments as either "severe" or "non–severe." See 20 C.F.R. § 404.1520. A "severe" impairment is one that significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). The step two assessment is a "de minimus screening to dispose of groundless claims." Edlund v. Massanari, 253 F. 3d 1152, 1158 (9th Cir. 2001).

Here, the ALJ identified plaintiff's migraines as non-severe, reasoning that they had been treated with over-the-counter medications only. (AT 26.) The ALJ disposed of a number of other non-severe conditions, then concluded with this general statement:

> The record shows the claimant has been treated or evaluated for these symptoms and complaints that appear periodically throughout the record. However, these alleged impairments, considered singly or together, have caused only transient and mild symptoms and limitations or are well-controlled with prescribed or over the counter medication or require no treatment.

(Id.) Thus, the ALJ did not take into consideration plaintiff's migraines beyond step two. (Id.)

Plaintiff contends there are multiple issues with the ALJ's resolution of her migraine issue. As to the specific reason given for discounting her migraines, plaintiff notes this is demonstrably false, given her physician's prescription of medication for treating her migraines. (See, e.g., AT 913, 993-94.) The Commissioner does not dispute this error on the ALJ's part.

However, the Commissioner argues the remainder of the ALJ's rationale constitutes substantial evidence, effectively contending the 'no prescription medications' finding is harmless error. The Commissioner points to records generated between early 2016 and early 2017 showing how plaintiff's migraines were often controlled with over-the-counter medication, and the few times plaintiff used the prescription medications she was "better" afterwards. (Cf., e.g., AT 369, 418; with AT 339, 456, 700.) The Commissioner also argues plaintiff was able to work with her migraines between 2008-2016, and the remainder of plaintiff's contentions were based on her subjective symptom complaints (which the ALJ permissibly rejected).

The problem with the Commissioner's argument here is that relies on a selective recitation of the record that ignores relevant evidence supporting plaintiff's claims. Simply, records from

5

early 2018 indicate plaintiff's physicians recommended increased usage of the prescription medications to combat her migraines—which differs from recommendations earlier in plaintiff's treatment and working career. (Cf., e.g., AT 913, 993-94 (records from Jan-Mar 2018); with AT 339, 445, 700 (records from 2016).) The decision makes no mention of this fact, but instead focuses on the earlier period. See Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986) (noting that where the record shows deterioration, the more recent reports may be more probative). An ALJ cannot selectively cite to the record in search of a decision based on substantial evidence, and must explain why probative evidence supporting plaintiff's claim failed to persuade. See 42 U.S.C. § 423(d)(5)(B) (requiring an ALJ base the decision on "all the evidence available in the [record]"); Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001) (an ALJ's "selective . . . reliance" on the record does not meet the substantial-evidence standard).

Given the plain error on the 'no-prescription' finding and the lack of articulation on the latter medical records, the case must be remanded to the ALJ for further consideration of plaintiff's migraine issue. See Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (the court may not affirm where the ALJ "pick[ed] out a few isolated instances of improvement" to support the denial of benefits). The undersigned expresses no opinion as to whether plaintiff's migraines actually affect her ability to work, as this is for the ALJ to decide. Ford, 950 F.3d at 1154 (the ALJ is responsible for resolving conflicts and ambiguities in the record).

**B. Plaintiff's Remaining Arguments**

Because further proceedings are required regarding plaintiff's migraines, the court will not issue specific findings on the remaining issues. However, the court would be remiss if it let one issue pass without comment.

Plaintiff proffers arguments about the ALJ's treatment of the medical and state-agency opinions under a framework of "treating" and "non-examining." See, e.g., Carmickle v. Comm'r, 533 F.3d 1155, 1164 (9th Cir. 2008) (an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff[.]"). However, as the Commissioner notes, the regulations that apply to plaintiff's case have done away with some of those distinctions, and have called some of the Ninth Circuit's legal standards into question. See 20

C.F.R. § 404.1520c(a) (noting that for applications filed on or after March 27, 2017, the new regulations regarding medical opinions provide that an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) ("PAMF") [i.e., state-agency medical consultants], including those from [plaintiff's] medical sources."). As of this order, the Ninth Circuit has not expressed an opinion as to the continued effect (or lack thereof) of its prior precedent regarding a court's evaluation of medical opinion evidence.

Under the new regulations, an ALJ is to frame evaluation of medical opinions and PAMFs by considering their "persuasiveness." § 404.1520c(a). In determining how "persuasive" is the opinion of a medical source or PAMF, an ALJ must consider the following factors: supportability, consistency, treatment relationship, specialization, and "other factors." § 404.1520c(b), (c)(1)-(5). Important here, the ALJ is required to "explain how [she] considered" the supportability and consistency factors, as they are "the most important factors." § 404.1520c(b)(2). Under this new framework, there is some noticeable tension between competing lines of case law in the Ninth Circuit. On one hand, "[i]f the evidence can reasonably support either affirming or reversing, '[a] reviewing court may not substitute its judgment' for that of the Commissioner." See Gutierrez v. Comm'r, 740 F.3d 519, 523 (9th Cir. 2014). On the other hand, an ALJ cannot ignore probative evidence. Holohan, 246 F.3d at 1205 (ALJ's "selective . . . reliance" on the record does not meet the substantial-evidence standard). In her brief, plaintiff points to multiple medical records that allegedly support and are consistent with Dr. Chiang's opinion; plaintiff asserts the ALJ failed to consider some records, and failed to explain how other records correspond with the findings on Dr. Chiang's opinions. (See ECF No. 14.) While the ALJ does not need to "discuss every piece of evidence," Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003), a decision that explicitly recognizes the existence of probative evidence, and clearly denotes which evidence applies to which alleged condition (instead of blanket statements about groups of evidence) is one more-easily reviewed for substantial evidence. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989) (a court may not affirm by isolating a "specific quantum of supporting evidence").

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Commissioner's cross motion for summary judgment (ECF No. 18) is DENIED;
2. Plaintiff's motion for summary judgment (ECF No. 14) is GRANTED;
3. The final decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings; and
4. The Clerk of Court shall issue judgment in plaintiff's favor and CLOSE this case.

Dated: July 1, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mart.619