UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNDA J. MARTINEZ,<br><br>                  Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | No.  2:20-cv-619-KJN<br><br>ORDER<br><br>(ECF No. 25.) |

        On July 2, 2021, the undersigned granted plaintiff's motion to remand the case to the Commissioner for further proceedings.[1]  (ECF No. 20.)  The parties stipulated to an award of fees and costs under the Equal Access to Justice Act ("EAJA").  (ECF Nos. 23-24.)  On remand, an administrative law judge determined plaintiff had been disabled and awarded past benefits.  (See ECF No. 25-2.)  Plaintiff's counsel now moves for attorney's fees under 42 U.S.C. § 406(b), seeking an award of $26,717.28, or approximately 25% of plaintiff's past due benefits.  (ECF No. 25.)

       For the reasons that follow, the undersigned GRANTS the motion for attorney's fees under 42 U.S.C. § 406(b).

///

---

[1] This case was referred to the undersigned by Local Rule 302(c)(15), and all parties consented to the jurisdiction of a magistrate judge for all purposes.  (ECF Nos. 7, 9, 15.)

1

**DISCUSSION**

Title 42 U.S.C. § 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may. . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002). Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In reviewing the fee request, the district court is to look first to the parties' contingency-fee agreement, then test it for reasonableness—always respecting "the primacy of lawful attorney-client fee agreements . . . ." Gisbrecht, 535 U.S. at 793 (2002) (noting that courts following this method have "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."). To this end, the Ninth Circuit instructs:

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case. [A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. The attorney bears the burden of establishing that the fee sought is reasonable.

Crawford, 586 F.3d at 1148 (citations omitted). The attorney bears the burden of establishing the reasonableness of the fee. Gisbrecht, 535 U.S. at 807 fn.17.

In support of the motion for attorney's fees under 42 U.S.C. § 406(b), plaintiff's counsel attached an attorney-client agreement, which provided for a contingent fee of up to 25% of any past due benefits.  (ECF No. 25-3.)  The Notice of Award indicates plaintiff was awarded $106,869.12 in past due benefits to plaintiff, 25% of which ($26,717.28) was withheld by the Commissioner for payment of counsel's fee.  (ECF No. 25-2.)  Plaintiff's counsel now seeks a fee of $26,717.28.  The Commissioner neither assents nor objects to the fee request, and takes no position on the reasonableness of the request.  (ECF No. 28.)

In light of the guidance provided in Crawford, the court finds counsel's fee request here to be reasonable.  As an initial matter, agreements providing for fees of 25% of past due benefits are the "most common fee arrangement between attorneys and Social Security claimants."  Crawford, 586 F.3d at 1147.  Additionally, neither the undersigned nor the Commissioner sees any indication plaintiff's counsel performed substandard work or unduly delayed the case; to the contrary, plaintiff's counsel's work over several years ultimately resulted in a fully favorable decision for plaintiff and an award of substantial benefits.

Furthermore, the total amount sought does not appear to be disproportionate to the amount of time plaintiff's counsel spent on the case.  Counsel's billing statement indicates approximately 39.6 hours were dedicated to plaintiff's case, which equates to a rate of approximately $674.68 per hour.  (ECF No. 25-4.)  Even at this high rate, the amount requested cannot be said to amount to a windfall to plaintiff's counsel given the guidance in Crawford.  See Langston v. Saul, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) (awarding fees on an effective hourly rate of $1,453.42, when counsel requested $23,400 for 16.10 hours of attorney work); Thomas v. Colvin, 2015 WL 1529331, at *2-3 (E.D. Cal. Apr. 3, 2015) (awarding fees on an effective hourly rate of $1,093.22 for 40.8 hours of work); Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (awarding fees on an hourly rate exceeding $1,000, where counsel requested $4,569.25 for 5.2 hours of combined attorney and paralegal work, and noting that "[r]educing § 406(b) fees after Crawford is a dicey business").  Further, an hourly rate of almost $700 is not excessive when compared to what the Ninth Circuit Court of Appeals awarded in Crawford.  586 F.3d at 1153 (J. Clifton, concurring in part and dissenting in part) (discussing that the majority opinion found

3

reasonable effective hourly rates equaling $519, $875, $902).  Finally, it is important to note that plaintiff's counsel also assumed the risk of receiving no compensation, as plaintiff's application was denied three times at the administrative level.  The court finds the fee amount requested is reasonable in light of the several years of litigation and the result achieved, as well as the lack of any evidence suggesting either dilatory conduct or a windfall to counsel.

For these reasons, the court awards plaintiff's counsel the requested amount of $26,717.28 in attorneys' fees under 42 U.S.C. § 406(b).  The court directs that the full amount be paid to plaintiff's present counsel, who shall then be responsible for reimbursing to plaintiff the previously-awarded EAJA fees.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b) (ECF No. 32) is GRANTED, and plaintiff be paid the sum of $26,717.28 from the withheld amounts; and
2. Counsel shall reimburse plaintiff $7,600.00 in previously-awarded EAJA fees.

Dated:  June 23, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mart.619